IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MELISSA BARFIELD,** | ) | **CASE NO. 8:09CV121** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **SHERIFF OF LANCASTER COUNTY,** | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed her Complaint in this matter on April 6, 2009. (Filing No. 1.) Plaintiff previously has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed her Complaint on April 6, 2009, against the Lancaster County Sheriff. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is a nonprisoner that currently resides in Omaha, Nebraska. (*Id.* at CM/ECF pp. 5.) Condensed and summarized, Plaintiff alleges that her minor son is being discriminated against and wrongfully held for gun possession and robbery. (*Id.* at CM/ECF p. 1.) She asks the court to issue a Writ of Habeas Corpus to free him. (*Id.* at CM/ECF p. 4.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### III.   DISCUSSION OF CLAIMS

Plaintiff, as a non-attorney, may not bring an action on behalf of her son, whether or not he is a minor. *See Navin v. Parkridge Sch. Dist. 64,* 270 F.3d 1147, 1149 (7th Cir. 2001) (holding that non-lawyer parent had no right to represent minor child); *see also Meyers v. Loudoun County Pub. Sch.,* 418 F.3d 395, 401 (4th Cir. 2005). Accordingly, Plaintiff's Complaint must be dismissed for lack of standing.[1]

---

[1] Even if Plaintiff's son had filed this Complaint on his own behalf, he would need to amend it to properly allege a habeas claim. Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez,* 411 U.S. 475 (1973) and *Heck v. Humphrey,* 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck,* 512 U.S. at 486-87. Here, Plaintiff alleges that her son is being discriminated against and wrongfully held for gun possession and robbery and asks the court to issue a Writ of Habeas Corpus to free

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice for lack of standing; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 27th day of May, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

him. (Filing No. 1 at CM/ECF pp. 1-4.)  As set forth above, the court cannot address these claims in an action brought pursuant to 42 U.S.C. § 1983.